UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

---

GLEN MCCAULEY
2235 POW WOW TRAIL
BELOIT, WI 53511

v.

PREMIER PROPERTIES PARTNERS
      OF SOUTH BELOIT LLC
816 SALMON AVE
SOUTH BELOIT, IL 61080


JEREMIAH HIGGINS                        Case No.:_____26-cv-434_____
602 S GARDNER ST
SOUTH BELOIT, IL 61080

---

SUMMARY OF FACTS

1. On or about March 7, 2025, the parties entered into a management agreement for the properties owned by Mr. Glen McCauley.

2. To further facilitate the ability of Mr. Jeremiah Higgins to assist with Mr. Glen McCauley's properties, Mr. McCauley signed a Power of Attorney to allow Mr. Higgins to conduct business on Mr. McCauley's behalf for Mr. McCauley's benefit.

3. Mr. Higgins, upon receiving the signed Power of Attorney, immediately breached his fiduciary duties and began converting Mr. McCauley's properties.

4. Mr. Higgins converted one million dollars in real estate belonging to Mr. McCauley absent any consideration whatsoever to Mr. McCauley.

5. Mr. McCauley terminated the Power of Attorney upon discovering Mr. Higgins' misconduct by sending standard and certified letters to Mr. Higgins.

6. After receiving the letters terminating the Power of Attorney, Mr. Higgins continued to attempt to convert other properties for his own benefit.

JURY TRIAL

7. Mr. McCauley demands a jury trial.

PARTIES

8. Mr. Glen McCauley is an individual residing at 2235 Pow Wow Trail, Beloit, WI 53511 in the State of Wisconsin.

9. Mr. Jeremiah Higgins is an individual residing at 602 S Gardner Street, South Beloit, IL 61080.

10. Premier Properties Management is a sole proprietorship owned and operated by Jeremiah Higgins with a principal place of business at 602 S Gardner Street, South Beloit, IL 61080.

JURISDICTION AND VENUE

11. This court has subject matter jurisdiction under 28 USC § 1332 as the basis for this claim is that of a diversity of citizenship and the claim far exceeds $75,000.00.

12. Venue is proper as Mr. McCauley either resides within or is employed within County of Rock, State of Wisconsin, which is within the district boundaries of this court.

FACTS

POWER OF ATTORNEY

13. On or about January 26, 2025, Mr. McCauley and Mr. Higgins signed a Power of Attorney granting Mr. Higgins authority over property of Mr. McCauley.

14. Both parties were advised of their rights and responsibilities along with the law regulating a Power of Attorney and the special position with which it placed Mr. Higgins.

15. Within about one month of signing the Power of Attorney, Mr. Higgins, without the knowledge of Mr. McCauley, began converting real estate belonging to Mr. McCauley to his company, Premier Property Partners of South Beloit LLC ("PPP"), for Mr. Higgins' sole benefit, namely, quit claim deeds from Mr. McCauley to Premier Property Partners with Mr. Higgins signing all

quit claim deeds as an agent of Mr. McCauley:

A. Deed signed April 21, 2025, and filed on July 10, 2025 – 2235 Pow Wow Trail, Beloit, WI 53511

B. Deed signed April 18, 2025, and filed on August 6, 2025 – 112 S Bluff Street, Beloit, WI 53511

C. Deed signed April 18, 2025, and filed on August 6, 2025 – 118 S Bluff Street, Beloit, WI 53511

D. Deed signed April 18, 2025, and filed on November 20, 2025 – 204 S Bluff Street, Beloit, WI 53511

16. Upon learning of Mr. Higgins' breach of fiduciary duty, Mr. McCauley sent via standard and certified mail, notice of termination of the Power of Attorney in early December 2025.

17. After receiving the notice of termination terminating the Power of Attorney, Mr. Higgins attempted to convert another nine properties of Mr. McCauley.

18. Mr. Higgins was not successful as the Register of Deeds of Rock County had been notified of the fraud and breach of fiduciary duty and refused to file the remaining deeds for Mr. Higgins.

19. To date, Mr. Higgins, nor PPP, has not returned the converted property.

20. As of May 6, 2026, Mr. Higgins, via PPP, has gone so far as to obtain an eviction against Mr. McCauley from Mr. McCauley's own homestead property.

21. The eviction was granted by the Rock County Circuit Court in case number 26SC1179.

22. It is unknown how this eviction was granted as Mr. McCauley was not served with the eviction summons and complaint.

RENTAL MANAGEMENT AGREEMENT

23. On or about March 7, 2025, the parties entered into a rental management agreement.

24. That agreement is governed by the laws of the State of Wisconsin.

25. That agreement stated that the parties would agree that PPP would retain 25% of the rental payments received.

26. That agreement also stated that 50% would be place in "a bank account to be used at the discretion of [PPP] to satisfy debts past present and future." [sic]

27. That agreement also states that "any payments from the tenants made after the 15th of each will be added to the following months amount to be giving to the owner." [sic]

28. PPP failed to follow any of the aforementioned terms and simply converted 100% of the rental payments to itself and Mr. Higgins.

29. That agreement also mandates that PPP hold funds in a trust account that are separate from the "Agent's personal accounts. This was not done.

30. Additionally, the rental agreement has innumerable unconscionable and unenforceable provisions, including but not limited to:

    A. Automatic renewal of the contract for five years;

    B. A termination fee that must be paid by Mr. McCauley to PPP in the amount of a supplemental $50,000.00 (in addition to any other fees and costs);

    C. The termination fee is only applicable to Mr. McCauley;

    D. PPP limiting requests that financial statements be provided more than once per year and billing $5.00 per page for those financial statements;

    E. Precluding Mr. McCauley from conducting any repairs or hiring anyone to perform any repairs to his own properties;

    F. Precluding Mr. McCauley from entering or visiting any of the properties and demanding payment of $100.00 per visit to be paid to PPP;

    G. Award of attorney fees to PPP exclusively, with no award to Mr. McCauley under any circumstance;

    H. Upon the death of Mr. McCauley, PPP can do "as seem fit with properties, bank accounts, or anything else pertaining to owner." [sic]

CONVERSION: DISPOSSESSION

31. The defendants intentionally took property, including but not limited to real estate, belonging to Mr. McCauley.

32. The defendants took the property without the consent of Mr. McCauley and/or without lawful authority.

33. The defendants' acts with respect to the property seriously interfered with the right of Mr. McCauley to possess the property.

## INTENTIONAL MISREPRESENTATION

34. The defendants made representations of fact.

35. The defendants representations were untrue.

36. The defendants knew the representations were untrue.

37. The defendants made the representations with the intent to deceive and induce Mr. McCauley to act upon it to Mr. McCauley's damage.

38. Mr. McCauley believed such representations to be true and relied on them.

## BREACH OF FIDUCIARY DUTY

39. Mr. Higgins owed Mr. McCauley a fiduciary duty as agent of the Power of Attorney and as agent of the rental management agreement.

40. PPP owed Mr. McCauley a fiduciary duty as agent of the rental management agreement.

41. The defendants breached their duties as fiduciaries.

42. The defendants' breaches caused injury to Mr. McCauley.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Defendants engaged in conduct against Mr. McCauley that were intended to cause emotional distress.

2. Defendants' conduct was extreme and outrageous.

3. Defendants' conduct was a cause of Mr. McCauley's emotional distress.

4. The emotional distress suffered by Mr. McCauley was extreme and disabling.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5. Defendants were negligent with respect to the entire agency or both the rental management agreement and the Power of Attorney, involving Mr. McCauley.

6. The defendants' agency, or lack thereof, was a cause of Mr. McCauley's emotional distress.

7. The emotional distress suffered by Mr. McCauley was severe.

REQUEST FOR RELIEF

WHEREFORE, Mr. Fitzgerald requests the following relief:

A. That this court order a jury trial on all issues appropriately triable;

B. Compensatory and special damages;

C. Punitive damages;

D. Treble damages;

E. Award to Mr. McCauley of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to any applicable law;

F. Pretrial interest on compensable attorney's fees; and

G. Such further and different relief as is just and proper or that is necessary to make Mr. McCauley whole.

Dated: May 7, 2026.

THE FITZGERALD LAW FIRM

_____/s/ Pete Anderson_____

Attorneys for Plaintiff
Attorney Pete Anderson SBN 1100059
1517 Huebbe Pkwy, Ste C
Beloit, WI 53511
info@thefitzgeraldlawfirm.com
608.318.3489