IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GLEN MCCAULEY

    Plaintiff,

    v.

PREMIER PROPERTY PARTNERS OF
SOUTH BELOIT and
JERAMIAH HIGGINS,

    Defendants.

PRELIMINARY INJUNCTION
ORDER

Case No. 26-cv-434-wmc

Before the court is the parties' Joint Motion for Preliminary Injunction, by which plaintiff Glen McCauley and defendants Premier Property Partners of South Beloit, LLC, and Jeramiah Higgins jointly request entry of a preliminary injunction on stipulated terms. Upon the parties' stipulation, recognition of and appreciation for counsels' efforts to reach an interim compromise, and good cause shown, the motion is GRANTED under Federal Rules of Civil Procedure 65 and 67 as set forth below. Further, the hearing on the preliminary injunction motion set for tomorrow is CANCELED. Finally, this Order SUPERSEDES the Amended Temporary Restraining Order entered June 2, 2026, (dkt. #15) and SHALL REMAIN IN EFFECT until entry of final judgment in this action or further order of the court.

IT IS ORDERED that:

**TERMS OF PRELIMINARY INJUNCTION**

1. **Eviction.** Defendants Premier Property Partners of South Beloit, LLC and Jeramiah Higgins, and their agents, officers, employees, successors, and all persons acting in concert with each or any of them, are ENJOINED from evicting or attempting to evict

1

plaintiff Glen McCauley from the property located at 2235 S Pow Wow Trail, Beloit, WI 53511, and from taking any further action to execute upon, enforce, or otherwise effectuate the judgment of eviction entered in Rock County Case No. 26SC1179, or from commencing any new eviction proceeding against plaintiff, during the pendency of this action.

2. **Restraint on Transfer or Encumbrance**. Defendants and their agents, officers, employees, successors, and all persons acting in concert with each or any of them, are ENJOINED from selling, transferring, conveying, assigning, taking out any mortgage on, or otherwise placing any lien or encumbrance on any real estate belonging to plaintiff or claimed by plaintiff in this action including, without limitation, the properties located at 204 Bluff St., Beloit, WI 53511, 118 Bluff St., Beloit, WI 53511, 112 Bluff St., Beloit, WI 53511, and 2235 S. Pow Wow Trail, Beloit, WI 53511.

3. **Mutual Restraint**. Plaintiff and his agents, officers, employees, successors, and all persons acting in concert with him, are likewise ENJOINED from selling, transferring, conveying, assigning, taking out any mortgage on, or otherwise placing any lien or encumbrance on any real estate that is the subject of the Premier Property Partners Management Agreement, during the pendency of this action including, without limitation, the properties located at 204 Bluff St., Beloit, WI 53511, 118 Bluff St., Beloit, WI 53511, 112 Bluff St., Beloit, WI 53511, and 2235 S. Pow Wow Trail, Beloit, WI 53511.

4. **Lis Pendens**. The lis pendens previously authorized and recorded with the Rock County Register of Deeds pursuant to the court's orders of May 11, 2026 (dkt. #10)

and June 2, 2026 (dkt. #15) SHALL REMAIN of record during the pendency of this action.

5. **Deposit of Rents Received from Properties**. Except as provided by Paragraph 6 below, defendants are directed to forward all rents that they receive from the properties subject to the Premier Property Partners Management Agreement, including properties located at 204 Bluff St., Beloit, WI 53511, 118 Bluff St., Beloit, WI 53511, 112 Bluff St., Beloit, WI 53511, and 2235 S. Pow Wow Trail, Beloit, WI 53511, to the clerk of court of the United States District Court for the Western District of Wisconsin, to be held in the Court's registry in an interest-bearing account under Federal Rule of Civil Procedure 67, pending final judgment or further order of the court. All funds previously deposited with the Clerk pursuant to the Amended Temporary Restraining Order (dkt. #15) SHALL REMAIN on deposit pending final judgment or further order of the court. Nothing in this paragraph shall be construed as requiring plaintiff to forward any rents he receives from the Premier Property Partners Management Agreement to the clerk of court of the United States District Court for the Western District of Wisconsin.

6. **Payment of Necessary Property Expenses**. From the rents received by defendants from properties subject to the Premier Property Partners Management Agreement, defendants MAY PAY: certain reasonable and necessary expenses of owning, preserving, and operating those properties, namely: real estate taxes and installments thereof; property and liability insurance premiums; utilities not paid by tenants; and reasonable and necessary maintenance and repairs required to keep

the properties safe, habitable, and in compliance with applicable law, subject to the following limitations. Defendants MAY ALSO PAY: any real estate taxes and installments thereof relating to the properties, property and liability insurance premiums, and utilities not paid by tenants; and reasonable and necessary maintenance and repairs for the properties, up to a total of $1,000 per month across all properties without first seeking approval from plaintiff. Before paying any other property-related expenses, however, defendants MUST SEND to plaintiff's counsel at least five (5) business days before making any such, additional payment under this paragraph, AN ITEMIZATION of all payments that defendants propose to make ("Itemization"). The Itemization MUST INCLUDE, at a minimum: (1) the date on which defendants propose to make the payment; (2) to whom the defendants propose to make the payment; (3) a description of which property the proposed payment pertains to; (4) a description of what the proposed payment is for; and (5) for any work that is to be done to a property, (a) a description of the work to be performed, (b) why the work is necessary, (c) the date(s) on which the work will be performed, and (d) a copy of all quote(s) or estimate(s) that defendants have received for that proposed work. Within five (5) business days of receiving an Itemization from defendants' counsel, plaintiff's counsel SHALL RESPOND either that plaintiff approves or denies each proposed payment in that Itemization. Unless approved in writing by plaintiff's counsel, these proposed payments SHALL BE deposited with the Clerk of Court ABSENT FURTHER ORDER OF THE COURT OR WRITTEN AGREEMENT OF THE PARTIES. In addition, ABSENT

4

FURTHER ORDER OF THE COURT OR WRITTEN AGREEMENT OF THE PARTIES, defendants SHALL NOT PAY from rental income any management fee, compensation (including, without limitation, wages to any defendant for performing any work pursuant to this paragraph), distribution, salary, legal fee, or any other expense not enumerated in this paragraph.

7. **Monthly Accounting to Plaintiff.** On or before the fifteenth (15th) day of each month, beginning August 15, 2026, defendants shall serve on plaintiff's counsel a written accounting for the preceding calendar month itemizing: (a) all rents and other income received, by property and by tenant; (b) all expenses paid pursuant to Paragraph 6, by property, together with copies of invoices, receipts, tax bills, insurance statements, or other supporting documentation for each expense; and (c) the remaining balance of rental income for that month. The first accounting DUE ON OR BEFORE AUGUST 15, 2026, AND SHALL COVER JUNE AND JULY 2026.

8. **Objections to Expenses and Dispute Resolution for Payment of Necessary Property Expenses.** If plaintiff disputes any expense identified in a monthly accounting, plaintiff's counsel shall serve a written objection on defendants' counsel within fourteen (14) days of service of the accounting. The parties shall meet and confer in good faith regarding the same and regarding any disagreement relating to a proposed payment under Paragraph 6 that plaintiff denies. Any unresolved objection may be submitted to the court. Payment of an expense pursuant to Paragraph 6 SHALL ALSO BE without prejudice to any party's claims or defenses

regarding entitlement to the underlying funds, all of which are expressly reserved for final adjudication.

9. **Security**. In light of the parties' stipulation, no security shall be required under Federal Rule of Civil Procedure 65(c).

10. **Reservation of Rights; No Admissions.** This Order is entered consistent with the parties' stipulation solely to resolve plaintiff's pending motion for a preliminary injunction and to preserve the status quo pending final adjudication of their dispute. Nothing in this Order constitutes an admission by any party as to any claim, defense, allegation, or fact, including the validity of any conveyance, the ownership of any property, or entitlement to any rents. Rather, all such issues are RESERVED for determination on the merits.

11. **Modification; Duration.** Any party may move to modify or dissolve this preliminary injunction for good cause. This Order SHALL REMAIN IN EFFECT until entry of final judgment in this action or further order of the court.

Entered this 16th day of July, 2026.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge